NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT E. MCCLEES,<br><br>Plaintiff,<br><br>v.<br><br>EYMSS, LLC, et al.,<br><br>Defendants. | Civil Action No. 23-21053 (RK) (JTQ)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Robert McClees's ("Plaintiff") application to proceed *in forma pauperis* ("IFP"), (ECF No. 1-2), together with two filings—a Complaint and purported Amended Complaint—against Eymss, LLC, Jena R. Silverman, Mendy Schwimmer, Eden Equities LLC, and Steen and Silverman ("Defendants"), (ECF Nos. 1, 3). For the reasons explained below, Plaintiff's application to proceed IFP is **DENIED**, and Plaintiff's Complaint is **DISMISSED**.

**I.     BACKGROUND**

The Court received Plaintiff's Complaint and *in forma pauperis* ("IFP") application on October 6, 2023. (ECF No. 1.) The form Complaint names five Defendants and deals with the alleged "Wrongful Foreclosure of [Plaintiff's] private property . . . purchased over 30 years ago." (*Id.* at 3.) The Complaint's factual recitation reads:

> [T]he state [of] New Jersey has wrongfully taken my private home and converted it to[] a commercial tax business for the purpose of taxation[.] [T]he 4th amendment of the constitution protect[s] the people from unlawful seizure, and protection under the 14th amendment protection that no state the prize [sic] any person of life Liberty or property without due process of law nor denied to any person within this jurisdiction the equal protection of the law[.] [T]he state [has] not offered due process and judicial review of my case under the law[.] [I]t has been all

> administration colorful law[.] [F]actual evidence should be the only thing accepted in a court but it has been a joke and humiliating me and my case sending a subliminal message showing me that it is a joke for me to even ask for my rights[.] [I]t's a joke to not even consider a remedy that would satisfy each party which I think by law that is a judge[']s duty[.] [T]he state court should be denied any type of assistance from the Federal Government if they don't offer Due process of Law to the people of the state.

(*Id.* (cleaned up).) Plaintiff complains of "unlawful harassment for many years and the unlawful conversion of my home from a private property to commercial property." (*Id.* at 4.) Plaintiff alleges that despite the tax lien being "lawfully satisfied," his property was seized. (*Id.*) The Complaint alleges: claims under two criminal statutes, 18 U.S.C. §§ 241, 242; a civil rights claim under 42 U.S.C. § 1983 for violations of Plaintiff's First, Fourth, and Fifth Amendment rights; and a "violation of the IRS Codes." (*Id.* at 2.) Plaintiff seeks punitive damages of $3.5 million and "an injunction and a cease and desist order." (*Id.* at 4.)

Plaintiff's IFP application consists of one unfilled page from this District's five-page IFP application form. (ECF No. 1-2.) Plaintiff writes that he requests to "file under veteran status," and includes a printout from the Rules of the United States Supreme Court permitting veterans to proceed without prepayment of fees under certain circumstances. (*Id.* (citing Sup. Ct. R. 40).) The application also includes a small, low-resolution photocopy of what appears to be Plaintiff's membership card for the Trenton post of the Veterans of Foreign Wars. (*Id.*)

The following week, Plaintiff filed an Amended Complaint that included additional text in the fact section of the form about purported jurisdictional defects in the state court proceeding. (ECF No. 3 at 2.) To the sought relief, Plaintiff added his claim for "Emergent stay and injunction and a cease and desist order." (*Id.* at 3.) Several weeks later, Plaintiff filed a letter styled as an "Emergency Stay Request," seeking a stay because Plaintiff had "been advised that on appeal there is a[n] automatic stay, once the case has been filed and [a] docket number given." (ECF No. 4 at 1.) Plaintiff argues that he has documentation that he has satisfied his tax lien, that the state court

acted without jurisdiction to evict him, and that he offered several times to pay the debts during the state court proceedings. (*Id.*)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed IFP and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e) empowers the District Court to dismiss an IFP complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

The Court engages in a two-step analysis when considering a complaint filed with an IFP application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

## III. DISCUSSION

### A. *In Forma Pauperis* Application

The Court denies Plaintiff's application to proceed IFP. Plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (citing *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)). Plaintiff failed to submit a completed IFP application entirely. This lack of information does not provide

"sufficient information for the Court to properly evaluate it or to confirm whether Plaintiff is able to pay the court fees" or to "determine Plaintiff's financial status." *Hedgepeth v. Helen Fuld Hosp.*, No. 22-6029, 2023 WL 4108510, at *1 (D.N.J. June 21, 2023).

Plaintiff's reason for not filing a completed IFP application appears to be because he is a veteran of the armed forces, and he cites a Supreme Court Rule that permits a "veteran suing under any provision of law exempting veterans from the payment of fees or court costs" otherwise required. Sup. Ct. R. 40(a). However, 28 U.S.C. § 1915, which governs this Court's determination of whether to permit Plaintiff to proceed without paying the $405 filing fee or service of process, includes no comparable provision for military veterans. The Court denies the IFP application without prejudice for Plaintiff to file a renewed, compliant IFP application within 30 days.

### B.     Complaint Screening

Notwithstanding the denial of the IFP application, the Court has discretion to review the merits of Plaintiff's Amended Complaint. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (citation omitted). The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Here, Plaintiff has entirely failed to identify how Defendants were involved in the alleged wrongdoing underlying his suit. A complaint's claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To evaluate compliance with this rule, the Court asks "whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (quoting *Harnage v. Lightner*, 916 F.3d

4

138, 141 (2d Cir. 2019)). Beyond listing the five named Defendants on the first page of his form Complaint, Plaintiff does not explain what conduct by any of the Defendants gave rise to his claims. Therefore, the Complaint fails to provide Defendants with adequate notice of the particular nature of the claims being asserted against them, and dismissal on this ground is required. *See Isaac v. Sigman*, No. 16-5345, 2017 WL 2267264, at *5 (D.N.J. May 24, 2017) ("Plaintiff does not direct any of her claims against any particular Defendant, nor does she even mention any of the defendants in the body of the complaint."); *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015) (holding that "conclusory allegations against defendants as a group" that "fail[ ] to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss).[1]

The Court also briefly addresses Plaintiff's "Emergency Stay Request." (ECF No. 4.) To the extent Plaintiff seeks a temporary restraining order pursuant to Federal Rule of Civil Procedure 65, the application is denied for several reasons. As explained above, Plaintiff has not set out how any of the Defendants are involved in the foreclosure proceeding he complains about. Further, Rule 65 requires that any restraining order must set out "its terms specifically," "the act or acts restrained or required," and the parties who are bound by it. Fed. R. Civ. P. 65(d). Plaintiff's application provides none of this necessary detail. Finally, certain portions of Plaintiff's filings—both his Emergency Stay Request and his purported pleadings—raise the concern that Plaintiff seeks the Court to enjoin ongoing state court proceedings, which may run afoul of the 1793 Anti-Injunction Act. *See Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). Further, Plaintiff's repeated arguments about mistakes made by the state court in conducting the foreclosure proceedings raise the specter that Plaintiff "essentially appeals from state-court

---

[1] Because the Complaint is facially deficient for this reason, the Court does not consider whether other grounds to dismiss the Complaint exist.

5

judgments" and "complains of injuries caused by the state-court judgments," in which case the *Rooker-Feldman* doctrine bars this Court from exercising jurisdiction. *Vuyanich v. Smithton Borough*, 5 F.4th 379, 384–85 (3d Cir. 2021) (citations omitted). However, because Plaintiff does not specify who he seeks to be enjoined and how, the Court cannot determine these doctrines' applicability here.

Plaintiff's Amended Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). Failure to correct the identified deficiencies will result in this matter being dismissed with prejudice.

**IT IS** on this 11th day of October, 2024, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1), is **DENIED**;

2. Plaintiff's Complaint, (ECF Nos. 1, 3), is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e);

3. Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Memorandum Order by filing an amended complaint;

4. If Plaintiff chooses not to file an amended complaint, this matter will be dismissed with prejudice;

5. Upon receipt of an amended complaint within the time allotted by this Court, the Clerk will be directed to reopen this case;

6. The Summons shall not issue at this time, as the Court's *sua sponte* screening of the amended complaint has not yet been completed; and

7. The Clerk's Office is directed to **CLOSE** this matter and serve on Plaintiff by regular U.S. mail this Memorandum Order and a blank IFP form.

---
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**